*T. L. Bennett, James Speed, for appellants.*

*Muir B. Davies, A. G. Corrinth, for appellees.*

---

## JAMES REDD v. COMMONWEALTH.

**Criminal Law—Indictment.**

　Where there are two counts in an indictment, one charging larceny and the other for receiving stolen property knowing it to have been stolen, and a general demurrer is entered to the indictment, it is not error to overrule the demurrer if either count is sufficient.

**Sufficiency of Indictment.**

　An indictment for receiving goods, knowing that they were stolen goods, is insufficient where it fails to aver that such goods had in fact been stolen.

**Indictment for Larceny Must Name the Owner of the Stolen Property.**

　A charge in an indictment that the property stolen was the property of Fry, Marsh & Kinney will sustain a conviction where the proof shows that such parties jointly owned such property.

APPEAL FROM FAYETTE CIRCUIT COURT.

February 7, 1877

OPINION BY JUDGE COFER:  ·

The appellant having been convicted and sentenced to two years imprisonment in the penitentiary of the state, upon an indictment in the first paragraph of which he was charged with larceny, and in the second with receiving stolen property, knowing it to have been stolen, has appealed to this court to reverse that judgment. He entered a general demurrer to the indictment, which was overruled, and he excepted; a trial was had and judgment rendered in December last, and the appeal was filed in the office of the clerk of this court, January 4.

The Code of Practice in criminal cases, which went into effect on the first day of January last, provides that judgments of conviction, whether of felony or misdemeanor, except in case of which this court has no jurisdiction, shall be reversed for any error of law, to the defendant's prejudice, appearing on the record (Secs. 340 and 353), and that its provisions shall regulate the proceedings in all prosecutions in all the courts of the state from and after January 1, 1877 (Sec. 1). This court, therefore, has jurisdiction in this case to inquire whether the court erred in overruling the demurrer, and if it did to reverse for. that cause.

It is not charged in the second paragraph that the property which the appellant was charged with having received had in fact been stolen. The allegation is that he received it "knowing when he received it that it was stolen." As suggested by appellant's counsel, the indictment does, indeed, allege that the prisoner received the goods knowing when he received them that they were stolen, and it is no doubt true that he could not have known that they were stolen unless they had been stolen; still he had a right to get his information as to the charge against him from a direct allegation, and was not bound to look to see what implication or logical allegation could be made from the facts alleged. The second paragraph was therefore insufficient, and had it been demurred to separately the demurrer should have been sustained, but the demurrer was to the whole indictment, and if either paragraph was good it was properly overruled.

The next objection argued is that the goods charged in the first paragraph to have been stolen, and in the second to have been received with a knowledge that they had been stolen, were "the prop-

erty of Fry, Marsh & Kinney," and that the omission to state the christian or first names of the members of the firm, or that their names were unknown to the grand jury, was fatal to the indictment.

The sufficiency of the indictment must be tested by the provisions of the Code of 1854, then in force. Sec. 127 of that Code, with which Sec. 128 of the Code of 1877 corresponds, reads as follows, viz.: "Where an offense involves the commission, or attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured or attempted to be injured is not material."

The charge was that the defendant stole and knowingly received property which he knew had been stolen, and which belonged to the firm of Fry, Marsh & Kinney. In order to sustain the indictment the commonwealth must prove that he had stolen or knowingly received goods which had been stolen, and in which three persons, answering to the names of Fry, Marsh and Kinney, had a joint interest, and that it was their joint property sufficiently identified the act to enable him to prepare to meet the charge, and to plead the judgment in bar of a second prosecution for the same offense.

The verdict of the jury was general, and did not indicate upon which paragraph the prisoner was found guilty, and he moved, on that ground, to arrest the judgment. His rights were not prejudiced by the form of the verdict, which was in effect an acquittal on one paragraph and a conviction on the other, and is therefore a bar to another prosecution for either of the offenses charged in the indictment.

The evidence did not establish a technical partnership between Fry, Marsh and Kinney, but it showed a joint interest in them in the property stolen, and was in that respect sufficient to sustain the verdict.

Perceiving no error of law to the appellant's prejudice on the record the judgment is *affirmed.*

*Breckinridge & Shelby, for appellant.     Moss, for appellee.*